IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAUREN BELL,

        Plaintiff,

v.

PSS WORLD MEDICAL, INC.
et al.,

        Defendants.

1:13-cv-1399-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand and for Attorneys' Fees [6] ("Motion to Remand").

**I.     BACKGROUND**

On March 12, 2013, Plaintiff Lauren Bell ("Plaintiff") filed this action in the Superior Court of Fulton County, Georgia. In her Complaint [1-1], Plaintiff alleges that, when she was employed by Defendants PSS World Medical, Inc., McKesson Corporation, and Linear Medical Solutions, LLC (collectively, "Defendants"), she entered into an employment contract containing numerous restrictive covenants (the "Restrictive Covenants") prohibiting Plaintiff from engaging in various forms of competition with Defendants for one year after the termination of Plaintiff's employment. On February 22, 2013, Plaintiff's

employment with Defendants terminated.

In this action, Plaintiff seeks a declaratory judgment that the Restrictive Covenants are not valid, and she seeks an injunction prohibiting Defendants from enforcing the Restrictive Covenants against her. Plaintiff does not seek monetary damages, and she does not allege any financial losses.

On April 26, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction. On May 28, 2013, Plaintiff filed her Motion to Remand, in which Plaintiff argues that Defendants have failed to establish diversity jurisdiction because Defendants did not show that the amount in controversy exceeds $75,000.

## II.   DISCUSSION

### A.   Legal Standard

Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a) (2006). Where removal is challenged, the removing party has the burden to show removal is proper, or the case must be remanded to the state court. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties [about the basis for removal] are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095

(11th Cir. 1994). Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2006).

    B.    <u>Analysis</u>

Diversity jurisdiction exists where the amount in controversy exceeds $75,000, and the suit is between citizens of different states. 28 U.S.C § 1332(a). Plaintiff argues that removal of this action was not proper because Defendants have not shown that the amount in controversy exceeds $75,000. She further asserts that she is entitled to recover litigation expenses because the removal was improper.

    1.    *Amount in Controversy*

In determining whether the amount in controversy requirement is met for the purposes of diversity jurisdiction, courts measure the value of the litigation from the plaintiff's perspective. <u>Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., Inc.</u>, 120 F.3d 216, 219 (11th Cir. 1997). The amount in controversy is determined from the face of the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961). Where a plaintiff seeks only declaratory or injunctive relief, the value of the relief "is the monetary

value of the object of the litigation that would flow to the plaintiff[] if the injunction were granted." D & R Party, LLC v. Party Land, Inc., 406 F. Supp. 2d 1382, 1384 (N.D. Ga. 2005) (quoting Williams, 269 F.3d at 1319).

In cases removed to federal court, the removing defendant must prove, by a preponderance of the evidence, that the value "that would flow to the plaintiff" exceeds $75,000.[1]  See id.  When a plaintiff makes a timely motion to remand, "the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007). "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Id.[2]  "If that evidence is insufficient

---

[1] Plaintiff argues that Defendants must prove the amount in controversy "by a legal certainty."  The "legal certainty" standard applies only in cases where a defendant seeks to prove that the amount in controversy is greater than the amount expressly alleged in the plaintiff's complaint.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095–96 (11th Cir. 1994).  In cases like this one, where the complaint is silent as to the amount in controversy, the defendant's burden is to prove the amount in controversy "by a preponderance of the evidence."  See Williams, 269 F.3d at 1319.

[2] Under 28 U.S.C. § 1446(b), an action is removable in two types of cases: "(1) those removable on the basis of an initial pleading; and (2) those that later

4

to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1214–15. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." Id. at 1215.

"[A] removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith." Id. at 1213 n.63. This requires the defendant's counsel to represent, under Rule 11, that the case belongs in federal court. Id. at 1217. "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Id. For this reason, in a case with "only bare pleadings containing unspecified damages," it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds . . . without seriously

---

become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'" Lowery, 483 F.3d at 1212 (quoting 28 U.S.C. § 1446(b)). "Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal." Id. at 1212–13. When a defendant removes a case within thirty days of receiving the complaint, "the removing defendant may present [with the notice of removal] additional evidence—business records and affidavits, for instance—to satisfy its jurisdictional burden." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 n.4 (11th Cir. 2010).

testing the limits of compliance with Rule 11." Id. at 1215 n.63.

In this action, Plaintiff seeks a declaration that the Restrictive Covenants in her employment contract with Defendants are not enforceable, and she seeks to prevent Defendants from attempting to enforce the Restrictive Covenants. There are no factual allegations contained in Plaintiff's Complaint supporting that the value of this relief to Plaintiff exceeds $75,000.

In their Notice of Removal, Defendants attempt to show that the amount in controversy exceeds $75,000 by attaching the declarations of their employees Rich Riehl and Ann Baker. These declarations show that Plaintiff earned $65,000 per year in her last year of employment with Defendants. Defendants assert it is thus "reasonable to infer" that Plaintiff will earn more than $60,000 per year in a competing business. What Defendants do not assert is that the amount Plaintiff might earn during the one year the Restrictive Covenants apply, assuming she is or will be employed, will meet the jurisdictional amount of $75,000.[3]

---

[3] The Court further notes that Plaintiff's full salary, even if it did meet the jurisdictional threshold, is not sufficient to establish jurisdiction. Several courts have determined that an employee's total potential new salary at a competing business is not sufficient to establish the amount in controversy because the value of the litigation to the plaintiff is not his entire salary but the difference between what the plaintiff can earn with and without complying with restrictive covenants. See, e.g., Wilson v. Benyon Sports Surfaces, Inc., No. 1:11-cv-2002-RWS, 2011 WL 6014666, at *3 (N.D. Ga. Dec. 1, 2011) ("[T]he relevant inquiry is the difference between [the plaintiff's] salary at [the defendant's business] and what he

The declarations submitted by Defendants do not otherwise support that the required amount in controversy is met. Although the declarations show that Plaintiff, while employed by Defendants, worked for managers Clay Cibula ("Cibula") and John Heilman ("Heilman"), who left Defendants' employment shortly after Plaintiff left, there is no evidence that Plaintiff is working with Cibula or Heilman and, even if she were, whether her income, attributable to violating the Restrictive Covenants, would exceed $75,000.[4] The evidence before the Court is not sufficient to support a conclusion that the amount in controversy in this case exceeds $75,000. See Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000) (holding that the amount in controversy cannot be established by assuming

---

could make should the covenants be invalidated."). The record here does not show the difference between what Plaintiff might earn with and without complying with the Restrictive Covenants.

[4] While employed by Defendants, Cibula and Heilman controlled accounts for four customers (the "Four Customers") who generated sales in 2012 of nearly $2.25 million. After Plaintiff, Cibula, and Heilman resigned, the Four Customers terminated their relationships with Defendants, and one of the four, whose account generated just over $96,000 in sales in 2012, allegedly told Defendants that he was taking his future business to Plaintiff and Cibula at a new company. This statement is hearsay, which the Court does not consider. See Int'l Telecomms. Exch. Corp. v. MCI Telecomms. Corp., 892 F. Supp. 1520, 1544 (N.D. Ga. 1995) (explaining that a court may not consider hearsay contained in an affidvait). Even if Defendants could properly offer the statement, it is not sufficient to show the sales volume the customer would generate while the Restrictive Covenants apply or the value, to Plaintiff personally, of that business.

7

the existence of "too many contingencies").  That is, there is a complete absence of evidence of income to establish the amount in controversy.  See Lowery, 483 F.3d at 1213–15.  It would be rank conjecture to conclude otherwise.

The Court finds that Defendants, in removing this case, have not shown, by a preponderance of the evidence, that the amount in the controversy in this matter exceeds $75,000, and Plaintiff's Motion to Remand is required to be granted.[5]

## 2.   *Litigation Expenses*

In remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  District courts may, in their discretion, award expenses under

---

[5] The Court notes that the Notice of Removal also fails to establish that the parties are of diverse citizenship.  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Neither the Complaint nor the Notice of Removal shows the citizenship of Defendant Linear Medical Solutions, LLC ("Linear"), a limited liability company. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Defendant does not identify Linear's members or identify the citizenship of Linear's members.  For this additional reason, the Notice of Removal is defective, and remand is appropriate. See id. ("To sufficiently allege the citizenship[] of [a limited liability company], a party must list the citizenships of all the members of the limited liability company . . . ."); see also Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (explaining that the failure to properly establish a party's citizenship in a notice of removal is a procedural defect that may serve as the basis for a motion to remand).

§ 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "[I]n deciding whether to award fees under § 1447(c), the merit of the removal is much more important than the motivation for the removal.  In fact, it is the overriding consideration."  Gray v. N.Y. Life Ins. Co., 906 F. Supp. 628, 634 (N.D. Ala. 1995).

In this case, the only bases for removal were Defendants' assumptions that Plaintiff would earn more than $60,000 per year in a competing business and that, based on hearsay, one the Four Customers would take his account to Plaintiff and Cibula and continue to generate the same volume of sales in the following year. These assumptions are speculative and are not based on sufficient evidence.  The Court finds that Defendants did not have "an objectively reasonable basis for seeking removal" and concludes that Plaintiff should be awarded her expenses and attorney's fees incurred as a result of the removal.  See Devine v. Prison Health Servs., Inc., 212 F. App'x 890, 893 (11th Cir. 2006).

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand and for Attorneys' Fees [6] is **GRANTED**.  The Clerk is **DIRECTED** to **REMAND** this

action to the Superior Court of Fulton County, Georgia.

**IT IS FURTHER ORDERED** that Plaintiff submit, within fourteen (14) days of this Order, an itemized list of costs and expenses, including attorney's fees, that she has incurred as a result of the removal of this action. Within fourteen (14) days of Plaintiff's submission, Defendants may file a response.

**SO ORDERED** this 8th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE